### SCHWARZWALDER v. ECKERT.

(Supreme Court, Appellate Term. April 10, 1907.)

LANDLORD AND TENANT—ACTION FOR RENT—SURRENDER OF PREMISES.

 Evidence in an action for rent *held* insufficient to show that the landlord had accepted a surrender of the premises, or had released the tenant from liability for rent according to the lease.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Henry Schwarzwalder against Clendenin Eckert. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Deyo, Duer & Bayerdorf (Robert C. Beatty, of counsel), for appellant.

Henry M. Earle, for respondent.

PER CURIAM. Defendant by a lease in writing hired an apartment from plaintiff for one year and eight months from February 1, 1906, and duly entered into possession under said lease. The rent was $2,500 a year, payable in equal monthly installments. Defendant has not paid the rent for the months of October and November, 1906, to recover which plaintiff brought this action. The justice found for defendant. Plaintiff appeals.

The defendant claims a surrender and acceptance. There is some dispute as to the facts; but, as the justice has found for defendant, we shall accept the latter's version. He swears substantially as follows, viz.:

"I remained in the flat five months [from February 1, 1906]. I asked Mr. Weber [the superintendent of the building], who collected the rent, if there was any chance of paying a portion of the lease and getting out of it. He said he would see, and came back [from the plaintiff] with a proposal that I should pay $2,000. I said 'No,' and I think I asked him to rent it. He said he would try. I did not meet any one else [than the superintendent of the building] representing the plaintiff in connection with my renting my apartment there. I tried to sublet the apartment after I left it."

He goes on to say that he sent a Mr. Clark to look at it, but Weber did not show it to him, but told him that no apartment on that floor was to rent, as defendant was informed. When asked, on cross-examination, whether he ever offered the keys of the apartment to Weber, he replied: "That I could not swear to." The witness Clark swears that he went to look at defendant's flat, with a view to leasing it for his employer, but admits he never asked to look at defendant's apartment, and gives as a reason that Weber showed him another apartment

on the fourth floor, and told him that there were no apartments un-rented on the floors above. Defendant's flat was on the seventh floor. Weber swears positively he never received the keys. Hs admits he told defendant he would try to find some one to rent the premises, and claims that he did try to the best of his ability, but unsuccessfully. He is corroborated on this point by the other witnesses. There is abundant evidence of Weber's authority to rent apartments for plain-tiff, but there is no sufficient evidence of a surrender and acceptance. All the testimony on this point amounts to is that defendant abandoned the premises, and, as we have seen, that Weber tried to relet it, but failed to do so. The lease gave plaintiff power to relet, should de-fendant fail to comply with the obligations of the lease; but there is nothing in the evidence to warrant the conclusion that plaintiff released defendant from the obligations imposed upon him by the lease. The undisputed proof is that plaintiff offered to release defendant on pay-ment of $1,500 or $2,000, which offer defendant rejected. There was no meeting of minds as to the alleged surrender and acceptance.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.